UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARYL K. THOMAS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 07-4720 |
| v. | : | MEMORANDUM OPINION |
| | | & ORDER |
| THE ATTORNEY GENERAL OF | | |
| THE STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

This matter is before the Court on a motion for partial dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(c) filed by Defendants the Attorney General of the State of New Jersey, then Zulima B. Farber, Edward Fallon, the New Jersey State Police Fugitive Unit, and the Superintendent of the New Jersey State Police.  Also named as Defendants are various Gloucester County officials and officers.  The gravamen of the Complaint alleges that Plaintiff was subjected to excessive force in his home on or about February 2, 2006 in the course of his arrest.  The civil rights claim alleging excessive force, denial of timely medical treatment, and failure to train and supervise was originally filed by Plaintiff Daryl K. Thomas in the Superior Court of New Jersey, Law Division, Cumberland County, but was timely removed to this Court.

When considering a motion for judgment on the pleadings under Rule 12(c), a court uses the same standards as when considering a motion to dismiss under Rule 12(b)(6).  Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6); see In re Warfarin Sodium, 214 F.3d

395, 397-98 (3d Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). Moreover, these allegations and inferences must be viewed in the light most favorable to the plaintiff. Id. However, a court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v.

2

Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351

(3d Cir. 2005)) ("[A] court need not credit either 'bald assertions' or 'legal conclusions'

in a complaint when deciding a motion to dismiss.").

It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp.,

561 F.2d 434, 446 (3d Cir. 1977).  The question before the court is not whether the

plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).

Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a

claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1974.

Plaintiff's Constitutional claims are governed by 42 U.S.C. § 1983.  A plaintiff may

have a cause of action under 42 U.S.C. § 1983  for certain violations of his or her

constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory ... subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress . . . .

Thus, a plaintiff must demonstrate two essential elements to maintain a claim under

section 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the

Constitution or the laws of the United States" and (2) that the plaintiff was deprived of

his rights by a person acting under the color of state law.  See Parratt v. Taylor, 451 U.S.

527, 535 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327

(1986)); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Williams v. Borough of West

Chester, 891 F.2d 458, 464 (3d Cir. 1989).

The moving defendants have argued that (1) the claims against the New Jersey State Police - Fugitive Unit and Superintendent of the New Jersey State Police are barred by the Eleventh Amendment; (2) claims for damages against the New Jersey Attorney General, Superintendent of the New Jersey State Police, and Edward Fallon, in their official capacities, are barred by the Eleventh Amendment; (3) claims pursuant to 42 U.S.C. 1983 against the New Jersey Attorney General and Superintendent of the New Jersey State Police, in their official capacities, must be dismissed because those defendants are not "persons" within the meaning of the statute; (4) Plaintiff's constitutional claims against the New Jersey Attorney General and Superintendent of the New Jersey State Police must be dismissed because they are grounded solely upon a theory of respondeat superior; and (5) Plaintiff's claims against the former New Jersey Attorney General and Superintendent of the New Jersey State Police must be dismissed because Plaintiff has failed to allege any individual involvement on their behalf.

In briefing, the moving Defendants indicate that Plaintiff had agreed to dismiss the former New Jersey Attorney General, New Jersey State Police - Fugitive Unit, and the Superintendent of the New Jersey State Police, but a stipulation of dismissal was never executed. (Def. Br., p. 3.) In fact, there is no real opposition to the instant motion. Rather, Plaintiff has expressly agreed to dismiss (1) the claims against the New Jersey New Jersey State Police - Fugitive Unit and Superintendent of the New Jersey State Police as they are barred by the Eleventh Amendment; (2) claims pursuant to 42 U.S.C. 1983 against the New Jersey Attorney General, Superintendent of the New Jersey State Police,  and Edward Fallon, in their official capacities, because those defendants

are not "persons" within the meaning of the statute; (3) Plaintiff's constitutional claims against the New Jersey Attorney General because they are grounded solely upon a theory of respondeat superior.  Plaintiff opposes dismissal of any claims against Edward Fallon or other members of the State Fugitive Unit against whom Plaintiff has alleged violations of his Fourth Amendment right to be free from unreasonable seizures, arguing that those Defendants have not established that they are entitled to qualified immunity. Further, Plaintiff opposes dismissal of any state law claims against Edward Fallon or other members of the State Fugitive Unit who were present at his arrest.

Accordingly,

IT IS ORDERED on this 20th day of January, 2009 that the motion to partially dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c) filed by Defendants the Attorney General of the State of New Jersey, then Zulima B. Farber, Edward Fallon, the New Jersey State Police Fugitive Unit, and the Superintendent of the New Jersey State Police [35] is hereby GRANTED.  The claims against the New Jersey Attorney General, the New Jersey State Police - Fugitive Unit, and Superintendent of the New Jersey State Police are dismissed, as are the claims pursuant to 42 U.S.C. 1983 against Edward Fallon in his official capacity.

 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.